Filed 12/19/23  P. v. Humphrey CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C091069 |
| Plaintiff and Respondent, | (Super. Ct. No. 02F02888) |
| v. | OPINION ON TRANSFER |
| ROY LEE HUMPHREY, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Roy Lee Humphrey filed an opening brief requesting that this court review the record and determine whether there are any arguable issues on appeal from the trial court's denial of defendant's petition for resentencing under Penal Code[1] section 1172.6.[2]  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant

---

[1]      Undesignated statutory references are to the Penal Code.

[2]      Defendant filed the petition under former section 1170.95, which, effective June 30, 2022, was renumbered as section 1172.6 without substantive change to the text.  (Stats. 2022, ch. 58, § 10.)  We refer to the statute by its current section number.

1

filed a supplemental brief.  We determined that defendant's arguments on cognizable issues lacked merit and affirmed the order.

Defendant petitioned our Supreme Court for review.  That court granted review and has now directed us to reconsider the matter in light of *People v. Delgadillo* (2022) 14 Cal.5th 216, which requires consideration of arguments raised by a defendant in supplemental briefing.

Defendant filed an amended supplemental brief.  At our direction, the People filed a supplemental brief addressing the impact on this case of Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551, § 2, effective Jan. 1, 2022) (Senate Bill 775).

After considering the arguments raised in the parties' supplemental briefs, we will reverse the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

One evening in January 2002, four men were playing low-stakes poker on the front porch of a house.  Defendant and another young man on bicycles stopped by the front gate of the house.  Defendant approached the poker players and asked to join the game.  After the group refused, defendant demanded their money and pulled out a gun. A scuffle ensued—in which defendant's accomplice, who was also armed, joined—shots were fired, and a victim fell mortally wounded.  A jury found defendant guilty of murder committed in a robbery or attempted robbery, attempted robbery, and assault with a firearm.  The trial court imposed a sentence of 25 years to life for the murder, two years for attempted robbery, plus a consecutive 10-year enhancement under section 12022.53, subdivision (b).  (*People v. Humphrey* (May 4, 2011, C052744) [nonpub. opn.].)  We affirmed defendant's conviction.  (*Ibid.*)

On February 6, 2019, defendant filed a section 1172.6 petition for resentencing, pursuant to recently enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015, § 4) (Senate Bill 1437).  The trial court appointed counsel to represent defendant.  The parties submitted briefs.

2

On December 10, 2019, the trial court denied the petition without a hearing, issuing a written ruling concluding that defendant was ineligible for section 1172.6 relief because he "was the actual killer." In reaching this conclusion, the trial court relied on CALCRIM No. 730, the pattern instruction for the special circumstance of murder committed in an attempted robbery, which instructed the jury that the prosecution must prove, inter alia, "[t]he defendant did an act that caused the death of another person." The trial court observed that there was no instruction given on aiding and abetting, thus there was no chance the jury found defendant guilty for any actions of his accomplice, who testified against him at trial. The trial court determined, "As such, the jury necessarily found true that defendant Humphrey was the actual killer, on the theory that it was defendant who pulled the trigger."

The trial court also quoted a statement in our opinion on direct appeal that defendant killed the victim " 'by placing the barrel of the gun against [his] shoulder and pulling the trigger.' " We noted that a pathologist found that the gun discharged while in contact with the victim's shoulder, thereby ruling out a scenario where defendant brandished the gun and it accidentally discharged during the struggle.

Defendant appealed. He filed a request for judicial notice, which we treated as a motion to incorporate by reference case No. C052744 and granted.

On June 2, 2020, appointed counsel filed an opening brief that set forth the facts and procedural history of the case and requested review under *People v. Wende*, *supra*, 25 Cal.3d 436. Counsel advised defendant of his right to file a supplemental brief.

Defendant filed a 65-page supplemental brief, raising numerous contentions. Defendant argued, inter alia, there was insufficient evidence at trial "to identify [him] as a gunman"; Senate Bill 1437 does not violate California law; we should strike a gun enhancement that the trial court imposed at sentencing; and he should not have been tried

3

as an adult.  We concluded those arguments were not properly before us on defendant's appeal from the trial court's denial of his section 1172.6 petition.[3]

However, defendant appeared to make one cognizable argument:  The trial court should have conducted a hearing on the merits of his petition before denying it, because the jury found him guilty under the felony-murder rule and/or the natural and probable consequences doctrine.  We concluded that argument lacked merit because our prior opinion made clear that defendant was the actual killer, and therefore, as a matter of law, defendant was ineligible for relief under section 1172.6.  We affirmed the order denying defendant's petition.

Our Supreme Court granted defendant's petition for review and transferred the case back to us with directions to vacate our prior decision and reconsider the matter in light of *People v. Delgadillo*, *supra*, 14 Cal.5th 216.  We vacated our decision.

We sent a letter notifying defendant that:  (1) his counsel filed an appellate brief stating his review of the record did not identify any arguable issues; (2) as a case arising from an order denying postconviction relief, defendant was not constitutionally entitled to counsel or an independent review of the record; and (3) in accordance with the procedures set forth in *Delgadillo*, defendant had 30 days to file a supplemental brief or letter raising any argument he wanted the court to consider.

Defendant filed an amended supplemental brief.[4]  Included with the brief was a request for judicial notice of his initial supplemental brief, which we hereby grant.  (Evid.

---

[3]    We describe the reasoning of this vacated decision only for context.

[4]    Defendant attached numerous documents as an appendix to his amended supplemental brief, including, for example, proof of publication of a notice that defendant's name was copyrighted.  These documents are irrelevant to the issues on appeal and we do not consider them.  (See *People v. Antonelli* (2023) 93 Cal.App.5th 712, 715, fn. 2.)  Defendant also includes within his appendix another request for judicial

4

Code, §§ 452, subd. (d), 459, subd. (a).) As we directed, the People filed a supplemental brief discussing the recent changes in section 1172.6 made by Senate Bill 775 and the impact on this case.

DISCUSSION

Our Supreme Court has considered whether the *Wende* process applies to a trial court's order denying a petition for postconviction relief under section 1172.6 and concluded such procedures are not required. (*People v. Delgadillo*, *supra*, 14 Cal.5th at pp. 221-222.) The court in *Delgadillo* laid out applicable procedures for such cases, stating that, where, as here, a defendant has filed a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion. The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues." (*Id.* at p. 232.)

Most of the arguments in defendant's amended supplemental brief again do not address the issue on appeal, i.e., the trial court's decision to deny his petition for resentencing without a hearing, concluding that defendant was "the actual killer" and not eligible for relief under section 1172.6 as a matter of law. Defendant argues, inter alia, there was insufficient evidence to identify him as the gunman; defendant received an unauthorized sentence reviewable at any time; murder can be the natural and probable consequence of the crime of misdemeanor illegal gambling; Senate Bill No. 620 (2017-2018 Reg. Sess.) (Stats. 2017, ch. 682, §§ 1-2, effective Jan. 1, 2018), granting a trial court discretion to strike the firearm enhancements imposed under section 12022.53, should be applied retroactively; this court failed to respond to defendant's request for judicial notice and declaration in 2019; defendant was not liable under multiple sections of the Penal Code because he was 17 years old at the time of the crime and had a learning

notice, dated July 30, 2023, attaching various documents without any discussion of their relevance to this appeal. This request for judicial notice is denied. (*Ibid.*)

5

disability; defendant should not have been tried as an adult; and the jury's findings were in error.

These issues are not cognizable on appeal from an order denying a petition under section 1172.6. (See *People v. Strong* (2022) 13 Cal.5th 698, 713-714 [resentencing under § 1172.6 involves "prospective relief from a murder conviction that was presumptively valid at the time," not the correction of "errors in past factfinding"]; see also *People v. Farfan* (2021) 71 Cal.App.5th 942, 947 [§ 1172.6 "does not afford the [defendant] a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings"].)

That said, in his amended supplemental brief, defendant again raises issues that are properly before us, to wit: The trial court should be directed to conduct an evidentiary hearing because defendant has established a prima facie case for relief under section 1172.6; defendant was convicted under the felony-murder and natural and probable consequences doctrines;[5] and defense counsel was ineffective for failing to object to the trial court's decision not to hold a hearing on defendant's section 1172.6 petition.

However, we need not address these issues as defendant has framed them. Due to the enactment of Senate Bill 775, we now conclude that the trial court's order denying defendant's petition at the prima facie stage should be reversed and the case remanded for the trial court to issue an order to show cause and conduct an evidentiary hearing. (§ 1172.6, subds. (c), (d).)

Senate Bill 775 amended section 1172.6, inter alia, by adding a statement to subdivision (d)(3)—which sets forth the procedure for conducting an evidentiary hearing—that the court may consider "the procedural history of the case recited in any

---

**5** To the extent defendant's claim is that he was convicted under the natural and probable consequences doctrine, we reject it because the jury was not instructed on that doctrine. (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1055; *People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

prior appellate opinion." Appellate courts have interpreted the reference to " 'procedural history of the case recited in any prior appellate opinion' " to preclude trial courts from relying on factual summaries in appellate opinions in ruling on section 1172.6 petitions at an evidentiary hearing. (*People v. Cooper* (2022) 77 Cal.App.5th 393, 400, fn. 9, italics omitted; see *People v. Clements* (2022) 75 Cal.App.5th 276, 292.) This principle has been extended to a prima facie determination under section 1172.6, subdivision (c). As the court in *Flores* observed: "If such evidence may not be considered at an evidentiary hearing to determine a [defendant]'s ultimate eligibility for resentencing, we fail to see how such evidence could establish, as a matter of law, a [defendant]'s ineligibility for resentencing at the prima facie stage." (*People v. Flores* (2022) 76 Cal.App.5th 974, 988; see also *People v. Strong*, *supra*, 13 Cal.5th at p. 720.)

Senate Bill 775 further amended section 1172.6, subdivision (c) to impose a requirement that the trial court, after receiving briefing from the parties, " ' "shall hold a hearing to determine whether the [defendant] has made a prima facie case for relief" . . . . (§ [1172.6], subd. (c).)' " (*People v. Hurtado* (2023) 89 Cal.App.5th 887, 891; see *People v. Basler* (2022) 80 Cal.App.5th 46, 55.)

At the time the trial court issued the order denying defendant's petition at the prima facie stage, it was arguably permissible to do so without a hearing and to rely on facts recited in our prior opinion to determine that defendant was the actual killer. But, under the changes to section 1172.6 made by Senate Bill 775, the trial court erred.[6]

The People agree that the trial court did not comply with amendments to section 1172.6 made by Senate Bill 775, but argue the error was harmless. The People maintain the jury instructions given at trial—specifically, CALCRIM No. 540A, the pattern

---

[6] The People agree, as do we, that Senate Bill 775 applies retroactively to this case. (See *People v. Basler*, *supra*, 80 Cal.App.5th at p. 56.)

instruction on felony murder, and CALCRIM No. 730—necessarily required the jury to find that defendant was the actual killer. We disagree.

Defendant was convicted of murder under the former felony-murder rule. The requisite mental state under this rule was "simply the specific intent to commit the underlying felony." (*People v. Vang* (2022) 82 Cal.App.5th 64, 81.) Senate Bill 1437 enacted section 189, subdivision (e), which significantly narrowed the rule and created a procedure under section 1172.6 for defendants convicted under the former felony-murder rule to petition for resentencing. (*People v. Strong*, *supra*, 13 Cal.5th at p. 703, citing §§ 189, subd. (e), 1172.6.) However, "defendants convicted of felony murder are not eligible for relief [under section 1172.6] if they were the actual killer." (*People v. Harden*, *supra*, 81 Cal.App.5th 53; see also *Strong*, at p. 710.) "[T]he term 'actual killer' means the person (or persons) who personally killed the victim." (*Vang*, at p. 91; see *People v. Garcia* (2020) 46 Cal.App.5th 123, 152.)

"To demonstrate prejudice from the denial of a section [1172.6] petition before the issuance of an order to show cause, the [defendant] must show it is reasonably probable that, absent error, his or her petition would not have been summarily denied without an evidentiary hearing." (*People v. Flores*, *supra*, 76 Cal.App.5th at p. 986; see also *People v. Flint* (2022) 75 Cal.App.5th 607, 613.)

We conclude CALCRIM No. 540A and CALCRIM No. 730, the jury instructions on which the People rely to argue harmless error, made it reasonably probable that the jury could have convicted defendant of murder without determining he was the actual killer.

CALCRIM No. 540A, as given at trial, allowed the jury to convict defendant of first degree felony murder, if the prosecution proved: (1) defendant attempted to commit robbery; (2) intended to commit robbery; and (3) "[w]hile attempting to commit the crime of robbery, . . . defendant did an act that caused the death of another person." Similarly, CALCRIM No. 730, the pattern instruction on the special circumstance of

8

murder committed during an attempted robbery, required the prosecution to prove: (1) defendant attempted to commit a robbery; (2) defendant intended to commit a robbery; (3) defendant "did an act that caused the death of another person"; and (4) the act that caused death and the attempted robbery were part of one continuous transaction.

These instructions were couched in the general language of causation. However, "[t]o personally kill the victim is to directly cause the victim's death, not just to proximately cause it." (*People v. Vang*, *supra*, 82 Cal.App.5th at p. 90, citing *People v. Garcia*, *supra*, 46 Cal.App.5th at p. 151.)

In *Lopez*, the court observed that CALCRIM No. 540A and CALCRIM No. 730 "created the possibility the jury convicted defendant of felony murder and found to be true the [attempted] robbery-murder special-circumstance allegation without finding him to have been the actual killer. The jury was not instructed it had to find defendant personally killed the victim to convict him; the jury was instructed it only had to find defendant committed an act that caused the victim's death." (*People v. Lopez* (2022) 78 Cal.App.5th 1, 20.) In this case, the jury could have found that defendant was not the actual killer but caused the victim's death by approaching the men playing poker and instigating the scuffle in which shots were fired, one of which not fired by defendant killed the victim.

Under section 1172.6, the trial court must determine if a defendant has made a prima facie case of relief. (§ 1172.6, subd. (c).) If the defendant makes a prima facie showing, the trial court must issue an order to show cause and conduct an evidentiary hearing. (§ 117.26, subds. (c), (d).) We conclude defendant did make a prima facie showing and the trial court erred in denying defendant's section 1172.6 petition without issuing an order to show cause and conducting an evidentiary hearing.

## DISPOSITION

The order denying defendant's petition for resentencing is reversed.  We remand the matter to the trial court with directions to issue an order to show cause and conduct an evidentiary hearing.  (§ 1172.6, subd. (d).)

/s/
ROBIE, Acting P. J.

We concur:

/s/
DUARTE, J.

/s/
MESIWALA, J.